# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**DWIGHT L. MASON**                                                                                       **PLAINTIFF**

**v.**                                                                         **CIVIL ACTION NO. 3:19-CV-P253-GNS**

**MEDICAL CHRISTY LPN**                                                               **DEFENDANT**

## MEMORANDUM OPINION

Plaintiff Dwight L. Mason filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 while a convicted prisoner incarcerated at the Hardin County Detention Center (HCDC). Upon filing the instant action, Plaintiff assumed the responsibility of keeping this Court advised of his current address and of actively litigating his claims. *See* LR 5.2(e) ("All pro se litigants must provide written notice of a change of residential address . . . to the Clerk and to the opposing party or the opposing party's counsel. Failure to notify the Clerk of an address change may result in the dismissal of the litigant's case or other appropriate sanctions.").

On May 1, 2019, an Order for Payment of Inmate Filing Fee was entered (DN 5), wherein the Court granted Plaintiff's application to proceed without prepayment of fees. On May 8, 2019, the Court received a letter from HCDC Sergeant Major of Operations advising that the jail "is in receipt of an Order for Payment of Inmate Filing Fee in reference to [Plaintiff Mason's case]. This letter is to notify the court that Inmate Mason was released to the street on parole from the [HCDC] on April 1, 2019" (DN 6).[1] Plaintiff apparently no longer is housed at

---

[1] Review of the Kentucky Department of Corrections Kentucky Online Offender Lookup website confirms that Plaintiff is no longer incarcerated in HCDC and that supervision began on April 2, 2019. *See* http://kool.corrections.ky.gov/KOOL.

his address of record, and he has not advised the Court of a change of address. Therefore, neither orders from this Court nor filings by Defendant can be served on Plaintiff.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *Id.* at 110. "Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case sua sponte for lack of prosecution." *Lyons-Bey v. Pennell*, 93 F. App'x 732, 733 (6th Cir. 2004) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).

Because Plaintiff has failed to comply with this Court's Local Rules by failing to provide written notice of a change of address, the Court concludes that this case must be dismissed for lack of prosecution. *See, e.g.*, *White v. City of Grand Rapids*, 34 F. App'x 210, 211 (6th Cir. 2002) ("[Plaintiff's] complaint was subject to dismissal for want of prosecution because he failed to keep the district court apprised of his current address.").

The Court will enter a separate Order of dismissal.

Date: June 18, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendant
4416.005